UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
EDMONDS SCHOOL DISTRICT,            )
                                    )  Cause No. C16-1500RSL
                    Plaintiff,      )
        v.                          )  ORDER GRANTING IN PART
                                    )  DEFENDANTS' MOTION FOR
A.T., a minor child, *et al.*,      )  ATTORNEY'S FEES
                                    )
                    Defendants.     )
_____ )

This matter comes before the Court on "Defendants' Motion for Attorney's Fees." Dkt. # 22. The Court, having reviewed the record in this matter as well as the memoranda, declarations, and exhibits submitted by the parties, finds as follows:

The parties agree that defendants prevailed in the above-captioned matter and are entitled to an award of reasonable attorney's fees related to the administrative hearing, the federal appeal, and the fee petition. Counsels' hourly rates and, with limited exceptions discussed below, hours billed are reasonable. Defense counsels' hourly rates are less than those charged by plaintiff's lawyers and are similar to and consistent with the prevailing market rates for education attorneys in this geographic area. The number of hours defense counsel dedicated to this action through summary judgment (549.7)[1] is significantly less than those billed by

---

[1] Defense counsel further reduced the number of hours billed (and the overall amount of fees sought) in reply.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR ATTORNEY'S FEES

plaintiff's counsel (697.25). Given the challenging facts related to the manifestation of the student's disability and the lengthy educational record that had to be parsed in order to present her client in a positive light while highlighting plaintiff's statutory violations, the hours spent were reasonable. The total charges assessed by counsel are comparable (plaintiff's counsel charged $170,460.25 while defense counsel initially sought recovery of $154,490.00).[2] The Court declines to second guess counsel's time management and communication decisions through the appeal, especially where the overall charges are less than what plaintiff's counsel charged and resulted in a far better outcome. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time [s]he was required to spend on the case; after all, [s]he won, and might not have, had [s]he been more of a slacker." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

Certain tasks and charges are not recoverable, however. The Court has deducted an additional $1,327.50 related to the unsuccessful (and subsequently unhelpful) expedited hearing request and $337.50 in fees associated with A.T.'s educational placement. The Court also finds that the motion for attorney's fees is neither unique nor complicated and should not have cost more than a third of what the entire federal appeal cost. The charges related to the fee petition will be reduced by $3,645.00. Defendants are, however, entitled to the full $8,400.00 charge associated with the reply memorandum: plaintiff raised multiple issues, many of which were unpersuasive or meritless, forcing defense counsel to respond in a comprehensive (and correspondingly expensive) manner.

//

---

[2] After reviewing plaintiff's objections to the fee petition, defendants excluded additional tasks from the fee request. The Court adopts the $5,055.00 reduction.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR ATTORNEY'S FEES        -2-

For all of the foregoing reasons, defendants' motion for attorney's fees is GRANTED in part. Within thirty days of the date of this order, plaintiff shall pay to defense counsel, in trust for defendants, $166,227.50 as compensation for attorney's fees generated in the underlying administrative proceeding, the federal appeal in the District Court, and this fee petition.

Dated this 4th day of May, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge